26 A.3d 344

**STATE of Maryland**

v.

**Kendall I. NORTHAM.**

**No. 65, Sept. Term, 2010.**

Court of Appeals of Maryland.

Aug. 15, 2011.

Edward J. Kelley, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for petitioner.

Kelly Knepper–Stephens, Assigned Public Defender (George Washington University Community Law Clinics, Washington, D.C.; Paul B. DeWolfe, Public Defender, Baltimore, MD), on brief, for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS, and BARBERA, JJ.

MURPHY, J.

■ In the Circuit Court for Worcester County, a jury convicted Kendall I. Northam, Respondent, of second degree murder and first degree assault. The State's case, which included evidence of post-arrest inculpatory statements that Respondent made to law enforcement officers and to two former cell mates, was sufficient to establish that he committed those offenses in the early morning hours of January 13, 2008.

Respondent noted an appeal to the Court of Special Appeals, and filed a brief in which he presented five questions for

appellate review,[1] the first one being "[w]hether the trial court erred by not addressing [Respondent's] discharge of counsel, as required by Maryland Rule 4–215(e)[?]" After the Court of Special Appeals held that Respondent was entitled to a new trial on the ground that the Circuit Court had failed to comply with the requirements of Maryland Rule 4–215(e), the State filed a petition for writ of certiorari that presented the following question:

Did the Court of Special Appeals misapply this Court's precedent when it determined that a Maryland Rule 4–215(e) inquiry was required even though no one brought to the court's attention in open court that the defendant had any desire to discharge his appointed public defender?

We granted that petition. 415 Md. 337, 1 A.3d 467 (2010). For the reasons that follow, we hold that Respondent is not entitled to a new trial on the ground that the Circuit Court "violated Maryland [R]ule 4–215(e)." We shall therefore remand this case to the Court of Special Appeals, so that Court can address the merits of Respondent's other arguments.

## Background

### I.

Respondent was arrested on January 22, 2008, and was served with a District Court Statement of Charges on January 23, 2008. The District Court ordered that Respondent be held without bail, advised Respondent of his right to a preliminary

---

1.  The other "QUESTIONS PRESENTED" in that brief are:
    2.  Whether defense counsel provided ineffective assistance by failing to challenge a purported transcript of Mr. Northam's police interview that prejudicially misrepresented his statements to police[?]
    3.  Whether the trial court committed plain error by admitting a purported transcript of Mr. Northam's police interview that prejudicially misrepresented his statements to the police[?]
    4.  Whether defense counsel provided ineffective assistance by failing to request a voluntariness instruction relating to Mr. Northam's statements to the police[?]
    5.  Whether the trial court committed plain error by failing to give a voluntariness instruction to Mr. Northam's statements to police[?]

hearing, and noted that Respondent requested a preliminary hearing. The District Court scheduled a preliminary hearing for February 21, 2008, at 9:00 a.m. On January 28, 2008, Assistant Public Defender W. Burton Anderson entered his appearance on Respondent's behalf. Respondent was indicted on February 12, 2008. At all times relevant to the issue before us, he was incarcerated in the Worcester County Jail.

On February 26, 2008, Respondent wrote the following letter to the Clerk of the Circuit Court:

Feb 26, 2008

Dear Clerk of the Circuit Court

I am dropping my public defender. Due to ineffective Assistance of Counsel. He never asked me what happen [sic] in my case. My life and freedom is [sic] on the line. Im [sic] asking if [sic] you to provide me with a Probono [sic] Lawyer. Thank You

Kendall Northam

On February 27, 2008, Respondent wrote a letter that he addressed to the District Court of Maryland. This letter was written on the front and back of a single piece of paper, and was received in damaged condition—the bottom portion of the paper had been torn. The following was written on the front of the paper:

Feb 27, 2008

Hi my name is Kendall Irin Northam and I have a high profile case wich [sic] I don't have anyone to represent me. The reason why I don't have anyone to represent me for my case is because I felt as though my Public–Defender Burton Anderson[']s assistance wasn't benefiting [sic] me and he was maken [sic] decisions without my conscent [sic]. I was scheduled for a preliminary Hearing wich [sic] I requested on 2/21/08, and Burton Anderson waived my preliminary Behind my back without my conscent [sic]. [Also] I feel as though they droped [sic] the charges I deserved and indicted with a couple charges that I didn't deserved [sic] do [sic] to my studies in the Law Library. Do [sic] to the police statement and the news broad-castings I also see alote [sic]

of technicals [sic] do [sic] to false imformation [sic]. I don't have the money for this type of case, But I still would like an

The following was written on the back of the paper:

Im [sic] on requesting a Prelimary [sic] hearing and a Motion of Discovery and Im [sic] dropping my public defender and for a Probono [sic] Lawyer.

The following transpired during a March 5, 2008 "APPEAR-ANCE" hearing, at which the Honorable Theodore R. Eschenburg presided:

THE COURT: Mr. Northam, the only reason you had to be in court today is because there hasn't been any lawyer enter his or her appearance to represent you in this case. It is my duty to advise you on the record which I'm now doing if you don't have the money to hire a lawyer the public defender will represent you.

Now, I did get a letter from you . . . I'm not quite sure I understand what you're asking, what are you asking for?

\*       \*       \*

THE COURT: . . . [Y]ou say[, "]dropping my public defender for ineffective assistance of counsel, he never asked me what happened. I'm asking you to provide me with a pro bono lawyer.["]

APPELLANT: (Nod in affirmative)

THE COURT: And there's another letter, it's ripped off, I don't know what happened there, but in any event—

THE DEFENDANT: Pretty much telling you in detail—

THE COURT: I don't appoint pro bono lawyers, are you saying you don't want Mr. Andersen to represent you? . . .

THE DEFENDANT: I mean, I don't feel that—he didn't even ask me what happened in my case, you feeling me?

THE COURT: You haven't been arrested that long, have you?

THE DEFENDANT: A month, I mean, these are serious charges.

THE COURT: Real serious charges.

THE DEFENDANT: He needs to get my side of the story of everything that happened to investigate.

THE COURT: I'm sure he'll be more than happy to hear your side of the story. As a matter of fact, he will I know. He's been a public defender a long time and handled a lot of murder cases.

THE DEFENDANT: I understand.

MR. ANDERSON: If I may address the Court. Mr. Northam, we met at the Worcester County Detention Center probably within 10 days of your arrest. And my intentions at that time were really just to come down, introduce myself to you, to meet you, to let you meet me, and the relationship that an attorney has with a client is ongoing and not a one time meeting. In assuming the responsibilities of your lawyer I will be meeting with you many, many times ... So whatever feelings you had about the inadequacy of our first introductory meeting I want to assure you that we will have an ongoing process as a client and lawyer ...

\*      \*      \*

THE COURT: All right. You understand the way this works is if for some reason, you have to have a reason that you don't want Mr. Anderson to personally represent you[,] that he's going to appoint somebody else from his office.

APPELLANT: I don't want none of them to represent me.

THE COURT: You don't get to pick a dream team and have me appoint them.

APPELLANT: I understand that, but I mean, there's a difference between a public defender and a lawyer, right?

THE COURT: No, in other words—I knew you were going to ask that, you want a real lawyer, right?

APPELLANT: Yeah, a real lawyer.

THE COURT: Yeah, a real lawyer. Well, Mr. Anderson is a real lawyer ... Mr. Anderson is a lawyer who has tried more murder cases in this county than everybody else

probably combined. You better think about this one, I can tell you that . . .

I've advised you of your right to counsel . . . If you and he still don't see eye to eye I imagine he'll appoint somebody else. You better think about it, it's up to you though.

The following day, Mr. Anderson entered his appearance on Respondent's behalf, and represented Respondent at a July 9, 2008 motions hearing at which the Honorable Thomas C. Groton, III, presided. The following transpired at the beginning of this hearing:

THE PROSECUTOR: K–08–055. State versus Kendall Northam. Your Honor, it's my understanding based on conversations with defense counsel yesterday that the issues he's raising deal with the constitutionality of the interrogation of the Defendant as well as probable cause for the Defendant's arrest.

THE COURT: All right. Is that correct, Mr. Anderson?

MR. ANDERSON: Yes, sir. And good morning. I'm here with the Defendant at the Court's trial table, and we are prepared to proceed.

THE COURT: Okay.

On July 18, 2008, the Clerk of the Circuit Court filed a letter in which Respondent made the following statements:

K–08–0055

To whom this may concern:

I'm asking for a motion to have a change of venue do [sic] to circumstances below please Reply.

Deeply Concern
Kendall I. Northam

*My case has been publicized in the county I reside in on all the Local News Media and all the Local Newspapers. Therefore not allowing ability to receive a fair Constitutional trial.

*Small community in which the incident occurred as conducted a prelimenary [sic] investigation which in there [sic] eyes convicts me without a fair trial.

*Victims [sic] family and Community are asking for quick and prompt Resolution to this matter which will restrict my ability to defend myself and bring all the evidence abroad [sic].

Regardless of my race, gender, or ethnic belief I feel as a[sic] American citizen I have the right to be judge [sic] properly and be granted the ability not only the venue of my trial changed but the ability to be represented by a firm who has represented thereselves [sic] with Integerty [sic] and Justice.

Although none of the papers that Respondent mailed to the Circuit Court included a certificate of service required by Md. Rule 1–323, the Clerk of the Circuit Court sent copies to the State's Attorney and to the Court. The record shows that the State's "RESPONSE TO MOTION FOR CHANGE OF VENUE" was filed on July 30, 2008, and the record includes an ORDER OF COURT signed and filed on July 31, 2008 in which Judge Groton ruled as follows:

The Motion for Change of Venue, and response thereto having been duly read and considered, it is this 31st day of July, 2008 ORDERED that the Motion be, and hereby is DENIED.

On September 4, 2008, the Clerk of the Circuit Court filed a Motion in which Respondent stated:

September 1, 2008

| In the Matter of | * | In the |
| Kendall Irin Northam | * | Circuit Court |
| | * | For |
| For a Change of Venue | * | Worcester County |
| | * | Case No: |
| | * | 23–K–08–000055 |

*My case has been publicized in all the Local Counties on all Local News Media and Local Newspapers. Therefore not allowing ability to receive a fair Constitutional Trial.

*Small community in which the incident occurred as conducted a prelimenary [sic] investigation which in the eyes convicts me without a fair trial.

*Victims [sic] family and Community are asking for quick and prompt Resolution to this matter which will restrict my ability to defend myself and bring all evidence abroad [sic].

Regardless of my race, gender, or ethnic belief I feel as a [sic] American citizen I have the right to be judge [sic] properly and be granted the ability not only the venue of my trial changed but the ability to be represented by a Firm who has represented.  Thereselves [sic] with Integerty [sic] and Justice.  My Lawyer[']s filed are updated but he has made no contact with me and trial is set at Sept 24[.]  I'm requesting a Court appointed attorney and Change of Venue.

Deeply Concern
Kendall I. Northam

The docket entries show that this Motion was denied in a ruling filed on September 11, 2008.

A pretrial hearing in Respondent's case was held on September 12, 2008, with Judge Groton presiding.  The first issue discussed at this hearing involved one Mr. Johnson, a State's witness who had once been represented by Mr. Anderson. The following transpired after the prosecutor advised the Court that the State had no objection to the witness being cross-examined by Mr. Anderson:

THE COURT:  Okay. Have you had an opportunity to discuss this with your client, Mr. Anderson?

MR. ANDERSON:  Yes, I met with him at the detention center and discussed it with him in detail.

✳      ✳      ✳

THE COURT:  And is it your client's position that he wants you to cross-examine Mr. Johnson, or does he want Mr. Abu–Zaid to cross-examine Mr. Johnson?

MR. ANDERSON:  Well, we haven't discussed that.  I met with him, then spoke with Mr Townsend, and then, again, we were with you on Wednesday afternoon.

THE COURT:  Right.

MR. ANDERSON: Again, so it's for a very short period of time that this is unfolding. But that's something he and I will discuss.

The following docket entries were made after this hearing had concluded:

09/12/08

Judge Thomas C. Groton, III on the bench. Dave Dawson reporting.

Julie Guyer, Esq. present on behalf of the State. Defendant present with W. Burton Anderson, Esq. Hearing held. State consents to W. Burton Anderson, Esq. representing the Defendant. Paul AbuZaid, Esq. to examine Tymire Johnson. State is to provide W. Burton Anderson, Esq. a copy of the State's plea agreement with Mr. Justice pursuant to Defendant's Motion in Limine. **Defendant consents to continued representation by W. Burton Anderson, Esq.**

(Emphasis supplied). Although the transcript of this hearing does not include any statements made by Respondent, the docket entries show that the issue of who will cross-examine Mr. Johnson has been resolved, and the entry that Respondent "consents to continued representation" is in no way inconsistent with anything in the transcript.

The final pretrial hearing in Respondent's case occurred on September 24, 2008, at which Judge Groton made several *in limine* rulings. The following transpired after Judge Groton announced his final *in limine* ruling:

THE COURT: And I believe that's all the motions that are pending at this time.

[PROSECUTOR]: Yes, Your Honor.

THE COURT: All right. Anything else to—wait.

MR. ANDERSON: You want to what?

(Off-the-record conversation between Mr. Anderson and Defendant.)

THE DEFENDANT: Excuse me, Judge.

THE COURT: No, you need to talk to your lawyer.

MR. ANDERSON: Those are all the motions that are pending before the court. The Defendant has brought something to my attention that I would request the opportunity to speak with him about in the back, and I ask the Sheriff and our Reporter to remain available.

THE COURT: Sure. Let us know when you're ready and we will reconvene at that time.

The Court did not reconvene on September 24, 2008. Judge Groton presided at Respondent's trial, which commenced on September 25, 2008 and concluded on the following day.

## Discussion

While holding that Respondent's September 1 letter required a Md. Rule 2–415(e) inquiry,[2] the Court of Special Appeals stated:

In light of appellant's prior request in February to discharge counsel, appellant's September 1, 2008 letter, in which he raised the same issue, triggered a Maryland Rule 4–215(e) inquiry. *See [State v.] Campbell,* 385 Md. [616] at 629[, 870 A.2d 217, 224 (2005) ]. From the September 1st letter, the court "reasonably could deduce" that appellant sought to discharge his counsel. *See Id.* at 632[, 870 A.2d at 226].

---

**2.** Maryland Rule 4–215(e) provides:

If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)-(4) of this Rule if the docket or file does not reflect prior compliance.

■ The State argues that Respondent's September 1, 2008 Motion was (in the words of its brief) "sufficient only to alert the prosecutor and the trial court that [Respondent] desired a change of venue . . . and his vague request that he wanted a 'Court appointed attorney,' buried in the final sentence of the final paragraph of what was captioned and pled specifically and solely as a change of venue motion stands in stark contrast to other cases where 4–215 inquiries were mandated." We agree with this argument.

In *White v. State,* 23 Md.App. 151, 326 A.2d 219 (1974), cert. denied, 273 Md. 723 (1975), while affirming convictions for murder and related offenses, and rejecting the appellant's contention "that prejudicial error was committed by the failure of the court below to rule on the speedy trial issue he raised prior to trial [in subparagraph c of paragraph 10 in a single Motion to Dismiss the Indictments]," the Court of Special Appeals stated:

Although appellant raised several preliminary questions to be decided by [the trial judge], at no time did appellant mention the undecided subparagraph 10c of the Motion to Dismiss, disposed of in all other respects by [the motions hearing judge].

\*       \*       \*

Although appellant cites no authority for his contention that failure to rule upon a pending motion may be prejudicial error we have no question that such right is an important element of Maryland law. *Brice v. State,* 254 Md. 655[,255 A.2d 28 (1969) ]. We note, however, that this right, as most other rights, carries with it a commensurate responsibility. The motion to be decided must be brought to the attention of the trial court. Appellant may not take advantage of an obscurely situate, undecided motion and stand mute in the face of repeated requests by the judge for all pending motions to be decided. . . . If the question is not of such importance to appellant that he remembers to request an answer, the court cannot be charged with screening previously decided motions to discern an unanswered sen-

tence obscured by a plethora of unrelated issues. Nor can we permit such distended motions to be set as a trap for an unwary judge. Appellant obviously waived his right to a ruling on the motion by repeatedly failing to present the question to [the trial judge].

*Id.* at 155–56, 326 A.2d at 222.

That analysis, which is entirely consistent with this Court's opinions involving "omnibus" motions filed pursuant to Md. Rule 4–252,[3] is fully applicable to the case at bar. At the pretrial hearing held on September 12, 2008, at the final pretrial hearing held on September 24, 2008, as well as prior to trial on September 25, 2008, Respondent had the opportunity to request permission to discharge Mr. Anderson. Because no such request was presented to Judge Groton on any of these occasions, we agree with the State's argument that (in the words of its brief), "Rule 4–215(e) was not implicated, much less violated, by the trial court."

Respondent argues that we should infer from what occurred at the conclusion of the September 24, 2008 hearing that he was attempting to request permission to discharge Mr. Anderson, but that attempt was thwarted by Judge Groton and by Mr. Anderson. We decline to draw that inference, because (1) Judge Groton's "talk to your lawyer" response is the proper response to a criminal defendant who is represented by counsel, and (2) we shall not infer that Mr. Anderson failed to comply with the Maryland Rules of Professional Conduct.

In *Garner v. State,* 414 Md. 372, 995 A.2d 694 (2010), while rejecting the contention that the trial court erroneously failed to comply with the requirements of Md. Rule 4–215(a)(3) when responding to the defendant's request for permission to discharge his trial counsel, this Court stated:

Members of the Maryland Bar are officers of the court who have an obligation to comply with the Rules of Professional

---

**3.** See *Miller v. State,* 380 Md. 1, 49, 843 A.2d 803, 831 (2004), and *Denicolis v. State,* 378 Md. 646, 660, 837 A.2d 944, 952–53 (2003).

Conduct. While serving as Petitioner's trial counsel, Rule 1.2 required that [he] abide by Petitioner's decision concerning the services to be performed on Petitioner's behalf, and Rule 3.3 prohibited [him] from making a false statement to the Circuit Court. When [Petitioner's trial counsel] stated, "I'm still in the case[,]" the Circuit Court was entitled to rely upon that statement and was not required to make further inquiry.

*Id.* at 390, 995 A.2d at 705.

■ If—either at the conclusion of the September 24, 2008 pretrial hearing, or prior to the commencement of trial on the following day—Respondent requested that Mr. Anderson arrange for him to be represented by another defense counsel, Mr. Anderson would have been obligated to notify Judge Groton that Respondent had made such a request.[4] As Judge Groton was not so notified, Respondent is not entitled to a new trial on the ground that he was not permitted to explain the reasons for requesting permission to discharge Mr. Anderson.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT FOR CONSIDERATION OF RESPONDENT'S ARGUMENTS THAT HAVE YET TO BE ADDRESSED; COSTS IN THIS COURT TO BE PAID BY RESPONDENT; COST IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT ON REMAND.**

---

4. During the period of time in which there is an attorney-client relationship between a criminal defendant and his or her lawyer, it is not unusual for the defendant to express a desire for representation by a different lawyer. For that reason, defense counsel is not obligated to tell the trial court about every conversation in which a client has indicated an interest in changing counsel. A transitory wish for a different lawyer at various points in time prior to trial is, however, distinguishable from a considered decision to request that the trial court permit the defendant to discharge defense counsel. Therefore, when a lawyer has been told by a criminal defendant that the defendant wants to be represented by some other lawyer, unless the defendant thereafter consents to the lawyer's continued representation, the lawyer is obligated to advise the trial court of the defendant's wishes.