*State of Maryland v. Robert Clifford Weddington*, No. 52, September Term, 2017. Opinion by Greene, J.

**CRIMINAL LAW — MARYLAND RULE 4-215 — RIGHT OF DEFENDANT TO REQUEST DISCHARGE OF COUNSEL**

The Court of Appeals held that the Circuit Court did not comply with Md. Rule 4-215(e) when the Circuit Court neglected to take any action on two letters Mr. Weddington sent to the Circuit Court prior to his trials in which he expressed dissatisfaction with his counsel.

**CRIMINAL LAW — MARYLAND RULE 4-215 — WAIVER OF REQUEST TO DISCHARGE COUNSEL**

The Court of Appeals held that the defendant's failure to bring to the Court's attention orally or in open court the existence of two letters that he had sent to the Circuit Court in which he had expressed dissatisfaction with his counsel did not constitute a waiver of his right to discharge counsel under Rule 4-215(e).

Circuit Court for Baltimore County
Case Nos. 03-K-14-006299
        03-K-14-006300
Argued: January 8, 2018

IN THE COURT OF APPEALS

OF MARYLAND

No. 52

September Term, 2017

_____

STATE OF MARYLAND

v.

ROBERT CLIFFORD WEDDINGTON

_____

Barbera, C.J.
Greene,
Adkins,
McDonald,
Watts,
Hotten,
Getty,

                    JJ.

_____

Opinion by Greene, J.

_____

Filed: February 21, 2018

In this case, we once again consider under what circumstances a defendant has properly invoked his right to request a discharge of counsel pursuant to Maryland Rule 4-215(e). Respondent Robert C. Weddington was charged and convicted of several counts of sexual abuse of minors. Although Mr. Weddington sent to the Circuit Court two pieces of correspondence in which he expressed dissatisfaction with his counsel, the Circuit Court did not take action on either correspondence until after Mr. Weddington's trials. After Mr. Weddington's trials concluded, the Circuit Court held two hearings on the Rule 4-215(e) request to discharge counsel. Thereafter, the Circuit Court denied Mr. Weddington's request as well as his motion for a new trial. Mr. Weddington noted an appeal to the Court of Special Appeals, which vacated Mr. Weddington's convictions because the Circuit Court failed to hold a Rule 4-215(e) hearing prior to Mr. Weddington's trials. Before us, the State seeks a reversal of the judgment of the Court of Special Appeals on the bases that the trial court must have actual notice of a request to discharge counsel, that a defendant must raise such a complaint at trial, and that any error by the Circuit Court was harmless.

### FACTUAL & PROCEDURAL BACKGROUND

In October 2014, Petitioner State of Maryland charged Respondent Robert C. Weddington ("Mr. Weddington" or "Respondent") with various counts of sexual abuse in relation to two minors, D.H. and R.W. The State proceeded with separate prosecutions against Respondent, with the charges relating to D.H. filed under case number 6299 and the charges relating to R.W. filed under case number 6300.

On October 26, 2015, Mr. Weddington appeared before the Honorable Jan Alexander in the Circuit Court for Baltimore County for a motions hearing. At that hearing,

the trial date was set for November 17, 2015. On October 28, 2015, just two days after his motions hearing, Mr. Weddington mailed a letter addressed to Judge Alexander, in which he stated, "I would like to let [my attorney] go because of her willingness to properly work in my behalf to proove [sic] im [sic] not guilty. The things I've asked her to do to proove [sic] alibis, wasn't done nor did she do anything I've asked of her." Mr. Weddington requested that he be referred to a panel attorney instead of another public defender. In response to this letter, the Circuit Court held a hearing on November 9, 2015, pursuant to Md. Rule 4-215(e), with the Honorable Robert Cahill, Jr. presiding. At the hearing, Mr. Weddington explained that he was dissatisfied with his counsel's lack of investigation of defense witnesses as well as her failure to retrieve documents that would support his defense. At the close of the hearing, Judge Cahill ruled that there was "no meritorious reason to discharge counsel" and denied Mr. Weddington's request. On November 17, 2015, the trial dates were re-set for February 2, 2016.

Thereafter, on November 24, 2015, the Criminal Department of the Circuit Court received another letter ("November 24 Letter") from Mr. Weddington, which was addressed to Judge Alexander.[1] The letter provided the case numbers for both of his cases. The contents of the letter contained allegations that Mr. Weddington and his attorney were not getting along, that "words have been xchanged [sic] and I'm not trusting her at all" and

---

[1] The letter itself is undated. At the bottom of the letter, there appears a "Criminal Dept." date-stamp of November 24, 2015; however, the hand-written notation in the top left-hand corner indicates that "JMA" received the letter on November 20, 2015. The notation reads in full: "11/20/15 Noted. Send copies to APD J. Aist and ASA Michelle Fuller JMA." Below that notation is a separate hand-written notation that reads "Copy sent. P.D. State."

that his attorney had failed to contact anyone or retrieve information that would establish the motivations of his accusers.[2] The only action taken by the Circuit Court in response to this letter, apparently, was to send a copy to the State's Attorney and the Public Defender.

On January 20, 2016, Mr. Weddington sent yet another letter to the Circuit Court ("January 20 Letter"). This letter was also addressed to Judge Alexander and also contained both of Mr. Weddington's case numbers. The letter was date-stamped by the "Criminal Dept." on January 28, 2016. Mr. Weddington expressed in his letter, quoted here without correction: "There is a Great and terrible Injustice Being Done to me and Im writing you Asking for your help? I stand Accussed of some Horendouse CRimes." After expressing general grievances against the prosecutor, the first paragraph concludes, without correction, "And a Public Defender, who is sure of my guilt, dispite the truth and the law that says innocent until proven guielty. That she Refuses to help me And is withholding key material from my Discovery Packet." In the second paragraph, Mr.

---

[2] In relevant part, the November 24 Letter states, without correction:

Dear Honorable Judge Alexander,

I'm writing in concern of my cases which is in the above right corner. Mr. Judge Alexander my Public defender have way to many cases to properly work on my cases also we have not been getting along, words have been xchanged and I'm not trusting her at all. When I had my motion hearing on October 26. There was nothing argued on my behalf, one cause she had'nt contacted anyone, nor did she retrieve any of the info that would proove these women put these children up to lying on me. They are manipulating the system by using the children it's making it hard for anyone to listen with a clear mind. Now given the right defense attorney I can have the opportunity to show its not about these children[.]

Weddington claims that his "two vindictive" ex-wives are using three "innocent children" as pawns to exact "rage" on him. The next two paragraphs more specifically explained his complaints against his attorney, provided here without correction:

> I was offered A Deal of 16 years, going above my guidelines for this matter. When I question my attorney on this, she said my guidelines did'nt matter. Talking down to me like I was guilty. I am sure cause of the nature of the charge and her gender, She is completly Bias towards me and not working in my best interest on this case At All.
> She lied to me About her putting my bail review in, she's gotten up in the middle of And interview walked out into another room, twice then end the interview. I asked her to see if the State would give the girls moms and them a lie detector test to prove who's lying. . . . Also I begging the court To Reasign me a Attorney or Allow me to get my own?

The only notation on this letter was the case number 6299 circled and the trial judge's name written below it. For reasons unknown, the trial judge did not become aware of the January 20 Letter until February 16, 2016, well after Mr. Weddington's trials.[3]

On February 3, 2016, a jury convicted Mr. Weddington of sexual abuse of a minor and second-degree child abuse in case number 6300. On February 5, 2016, a separate jury convicted Mr. Weddington of three counts of second-degree rape and one count of sexual abuse of a minor in case number 6299.

**Post-Trial Hearings in the Circuit Court**

On March 14, 2016, the Circuit Court held a hearing, during which the court asked Mr. Weddington to explain his reasons for requesting a discharge of his counsel as well as his reasons for not bringing that request to the trial judge's attention at the time of trial.

---

[3] The trial judge, who presided over both of Mr. Weddington's trials, was neither Judge Alexander, nor Judge Cahill.

4

Mr. Weddington insisted that his counsel did not seek what he believed were potentially exculpatory records, such as his medical records and vehicle title. Mr. Weddington also complained that his counsel gave conflicting advice about whether to testify at trial. The Circuit Court deferred making a ruling because the trial judge wanted to read the transcript of the previous Rule 4-215(e) hearing held on November 9, 2015 before Judge Cahill.

On March 23, 2016, the Circuit Court reconvened. At the start of the hearing, the hearing judge acknowledged that Mr. Weddington's January 20 Letter was not in the Court's file prior to his February 2, 2016 trial.[4] The judge explained that there was "no explanation for that [other] than the Clerk's office is backed up." The court again pressed Mr. Weddington for an explanation as to why he did not bring up the existence of his letter with the judge prior to trial. The trial judge also asked Mr. Weddington's counsel, specifically, whether she followed up appropriately in order to prepare for trial. The judge denied Mr. Weddington's request to discharge counsel, explaining:

> Well, I've had an opportunity to review the file, I remember the case, I've reviewed the discussion you had with Judge Cahill. Your assertion – that -- there's a Harford County case, the name escapes me offhand, where -- where the Court talks about the fact that the defendant sent a letter to the Court concerning discharge of counsel. The Court did not conduct an inquiry in that case. Ultimately, the case was reversed. That's not the situation here.
>
> You sent a letter to Judge Cahill, that letter that Judge Cahill read into the record of October the 28th, 2015. Then he allowed you the opportunity to express your reasons why you wanted to discharge counsel. Judge Cahill, based on all the information provided, denied your request to discharge counsel. Although he told you he couldn't make you keep Ms. Aist, if you wanted to represent yourself, you could. You continued with her representation.
>
> The subsequent documents that you submitted, one of which was not in the file when Court commenced trial, you -- you can't simply sit back on

---

[4] The hearing judge not address the November 20 Letter.

5

your laurels and not make a -- some sort of effort to let the Court know that you were dissatisfied, especially since you wrote subsequent to your interview or the -- the discussion with Judge Cahill.

In spite of all that, none of the information that I have considered, in terms of your discussion with Judge Cahill and the contents of the letter, would make any difference. You know, in terms of [your counsel's] preparation, I think Judge Cahill commented she is one of the more experienced lawyers that this Court has the -- the pleasure to have before it. You were very lucky to have such a -- a well experienced attorney.

So this Court finds as a fact that nothing contained in your subsequent written request or the dialogue you've had with this Court would warrant the discharge of counsel, so your request to discharge counsel is denied.

Thereafter, Mr. Weddington's motion for new trial was denied. Subsequently, Mr. Weddington noted a timely appeal to the Court of Special Appeals.

**Appellate Court Proceedings**

In an unreported opinion, the Court of Special Appeals reversed the Circuit Court. The intermediate appellate court concluded that this Court's opinion in *Williams v. State*, 435 Md. 474, 79 A.3d 931 (2013), was directly on point with the facts of the instant case. Focusing on the contents of the January 20 Letter, the Court of Special Appeals determined that the letter sufficiently described Mr. Weddington's desire to discharge his trial counsel and, thus, triggered Rule 4-215(e). As such, the intermediate appellate court determined that the Circuit Court was required to hold a timely hearing on the January 20 Letter, and not doing so was reversible error. Additionally, the Court of Special Appeals expressly rejected the State's contention that the trial court's post-trial hearings cured the Rule 4-215(e) violation because "a defendant has no opportunity post-trial to decide whether he wants to discharge counsel and represent himself." The Court of Special Appeals vacated the judgments of the Circuit Court and remanded the case for new trials.

6

The State petitioned this Court for *certiorari* and presented one question for our review. We granted the State's request to answer the following questions, which we have re-phrased for clarity:

> (1) Did Mr. Weddington's letters in which he expressed dissatisfaction with his counsel trigger the requirements of Rule 4-215(e) when the Circuit Court clerk's office received the letter prior to trial but the trial judge did not become aware of it until after trial?
>
> (2) Did Mr. Weddington waive his request to discharge counsel by failing to repeat his dissatisfaction to the judge prior to or during trial?

*State v. Weddington*, 456 Md. 80, 171 A.3d 611 (2017).[5] We hold that Mr. Weddington's November 24 and January 20 Letters triggered the requirements of Rule 4-215(e), and that Mr. Weddington did not waive his request to discharge counsel when he failed to bring that request orally or in open court.

## STANDARD OF REVIEW

Our interpretation of the Maryland Rules is a question of law. *Williams*, 435 Md. at 483, 79 A.3d at 936. To determine if the trial court properly complied with Rule 4-215(e), we review its ruling *de novo*. *State v. Graves*, 447 Md. 230, 240, 135 A.3d 376, 382 (2016).

---

[5] The State's petition for certiorari requested this Court answer the following question:

> Did the Court of Special Appeals err in holding that, where a criminal defendant expresses dissatisfaction with counsel, in a letter to the court less than two weeks prior to a trial date, received by the clerk's office four days before trial, and of which the trial judge was not aware at the time of trial, the defendant has satisfactorily invoked Md. Rule 4-215, and did not waive the rule by failing to express his dissatisfaction to the judge during trial?

7

**DISCUSSION**

The State contends that this Court should cabin the application of Rule 4-215(e) to circumstances when the Circuit Court is on *actual* notice of a request to discharge counsel because the Rule cannot be triggered if the court does not know about a defendant's Rule 4-215(e) complaint. The State acknowledges that *Williams v. State,* 435 Md. 474, 79 A.3d 931 (2013), is applicable when the trial court is on notice of a defendant's request to discharge his counsel but suggests that here the letter was sent too close to the trial date to effectively put the trial court on notice.[6] As an alternative argument, the State requests that this Court read into Rule 4-215(e) a requirement that the defendant voice his continuing concerns at trial, when given the opportunity to do so. Thus, the State contends that Mr. Weddington waived his right to invoke Rule 4-215(e) when he did not express his dissatisfaction with his counsel to the trial judge prior to, or during, either of his two trials. Finally, the State asserts that the trial court's failure to comply with Rule 4-215(e) was rendered harmless by two post-trial hearings, after which the Circuit Court concluded that there was no meritorious reason for Mr. Weddington to discharge his counsel.

Mr. Weddington responds that both of the date-stamped letters, the November 24 Letter and the January 20 Letter, unequivocally expressed Mr. Weddington's desire to discharge his counsel and that each letter, separately, triggered Rule 4-215(e). Relying on this Court's opinions in *State v. Graves*, 447 Md. 230, 135 A.3d 376 (2016), as well as *Williams*, Mr. Weddington argues that Rule 4-215 is a "precise rubric" that demands "strict

---

[6] In its brief, the State limits its arguments to the January 20 Letter.

compliance" once a request is made. Mr. Weddington urges this Court to reject the State's implicit request to overturn *Williams* by requiring a defendant to make an oral request to discharge counsel at some point before or during trial. Mr. Weddington, of course, cautions against that outcome. Finally, Mr. Weddington warns that applying the harmless error doctrine to Rule 4-215(e) violations would be a "sea change" in this Court's interpretation of the Rule.

Maryland Rule 4-215(e) provides:

**Discharge of Counsel — Waiver.** If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)-(4) of this Rule if the docket or file does not reflect prior compliance.

As we explained in *Williams*, "the purpose of Rule 4-215 is to 'protect that most important fundamental right to the effective assistance of counsel, which is basic to our system of criminal justice.'" 435 Md. at 485, 79 A.3d at 938 (citing *Parren v. State*, 309 Md. 260, 281, 523 A.2d 597, 607 (1987)). The fundamental right to the effective assistance of counsel, along with the right to counsel of one's choice, is guaranteed by the United States Constitution as well as by Article 21 of the Maryland Declaration of Rights. *Graves*, 442 Md. at 241, 135 A.3d at 383. Due to the nature of the rights protected, Rule 4-215(e)

9

requires "strict compliance" with its mandates. *Pinkney v. State*, 427 Md. 77, 87–88, 46 A.3d 413, 419 (2012). A trial court's failure to comply with the requirements of Rule 4-215 constitutes reversible error. *Williams*, 435 Md. at 486, 79 A.3d at 938.

This Court has espoused a broad interpretation of what constitutes a request to discharge counsel. *Graves*, 447 Md. at 241–42, 135 A.3d at 383. The request "does not need to be in writing or worded in a particular manner." *Id.* at 242, 135 A.3d at 383. Once the request is made, however, the court has an affirmative duty to inquire into the reasons for the request to discharge counsel. *Id*. The trial court's inquiry will "dictate how the court proceeds under the rule." *Id.* at 242, 135 A.3d at 384 (citing *Taylor v. State*, 431 Md. 615, 631–32, 66 A.3d 698, 708 (2013)).

We have previously explored instances when Rule 4-215 was, and when it was not, triggered. For example, in *Williams*, we determined that a defendant's letter[7] to the Circuit Court in which he requested new representation from the Public Defender's Office and indicated that his attorney had no interest in trying to help him with his case had "clearly, solely, and unequivocally" expressed the defendant's desire to discharge his counsel. 435

---

[7] The defendant's letter in *Williams* read in its entirety:

Case No 12-K-081673

The Honorable Judge??    1/27/2010
My name is Melvin Williams JR Im writing to request New representation From the Public defender's office. Pending me being able to afford an attorney. MR John Janowich has truly No interest on my behalf in trying to help me on my case. I truly feel Im being mis-represented. May U please remove him from my case. I'll truly be appreciated.

Sincerely Melvin Williams

435 Md. 474, 479, 79 A.3d 931, 934 (2013).

Md. at 489, 79 A.3d at 940. The defendant's letter triggered Rule 4-215(e). *Id.* at 488, 79 A.3d at 939. In *Graves*, we held that a verbal request to discharge counsel effectively triggered Rule 4-215(e) when the request was made by the attorney on behalf of the defendant. 447 Md. at 244, 135 A.3d at 384 (holding that the attorney's statement that "[Mr. Graves] has informed me that he would prefer to have John Robinson represent him in this matter as opposed to myself" implicated Rule 4-215(e)); *see also Gambrill v. State*, 437 Md. 292, 305, 85 A.3d 856, 863–64 (2014) (reasoning that defendant's counsel's statement, "Your Honor, on behalf of Mr. Gambrill, I'd request a postponement. He indicates he would like to hire private counsel" was not a "paradigm of clarity" but that the statement "mandated judicial inquiry followed by a determination").

By contrast, in *State v. Northam*, we determined that Rule 4-215(e) was not triggered when the defendant made a vague request for a court-appointed attorney that was "buried in the final sentence of the final paragraph" of a motion to transfer venue. 421 Md. 195, 206, 26 A.3d 344, 350 (2011). The defendant in that case urged this Court to infer from the record that he had attempted to express his desire to discharge his counsel but that his attempt had been thwarted by the judge and his attorney. *Id*. at 207, 26 A.3d at 351. We declined to engage in such inference-making. *Id*.

Here, it is without question that the statements included in Mr. Weddington's November 24 Letter and January 20 Letter were clear, unmistakable requests to discharge his counsel. In fact, the State concedes as much. Our inquiry then is not *whether* Mr. Weddington's requests for discharge of his counsel triggered Rule 4-215(e) but *when* the Rule was triggered.

11

We turn, again, to *Williams* for the answer. There, we noted that the defendant sent a letter dated January 27, 2010 to the Circuit Court, which had been date-stamped on January 29, 2010 and, thereafter, was filed in the court jacket. 435 Md. at 479, 79 A.3d at 934. The Circuit Court docket also showed an entry titled "Letter of Defendant requesting new representation from the public defender's office. Filed: 1/29/10 Entered: 2/17/10." *Id*. The Circuit Court took no action in response to Mr. Williams's letter. *Id*. Over the course of the next sixteen months, which included four hearings and a two-day jury trial, Mr. Williams's attorney continued to represent him. *Id*. at 479–80, 79 A.3d at 934. This Court noted that it was "unclear from the record whether any of the Circuit Court judges read the letter." *Id*. at 492, 79 A.3d at 942 n. 7. Nevertheless, we observed that "it is clear from our opinions that evidence of date-stamping or other handling of the letter by the court's clerk can be sufficient to charge the Circuit Court with receipt of the letter. Not only was Williams's letter date-stamped by the Clerk of the Circuit Court, it was noted accurately and clearly in a docket entry." *Id*. at 492–93, 79 A.3d at 942 n.7 (citing *Denicolis v. State*, 378 Md. 646, 658, 837 A.2d 944, 951 (2003)). We charged the Circuit Court with notice of the defendant's letter and concluded that the "unambiguous and to-the-point letter was sufficient, on its own, to constitute a request to discharge counsel under Rule 4-215(e)." *Id*. at 494, 79 A.3d at 943. Thus, we held that the Circuit Court's failure to hold a Rule 4-215(e) hearing was reversible error. *Id*.

In the case before us, the Circuit Court's knowledge of Mr. Weddington's dissatisfaction with his counsel was established as early as November 24, 2015, when the Circuit Court's Criminal Department date-stamped the November 24 Letter on that date.

12

Importantly, that letter had already been "noted" by Judge Alexander on November 20, 2015, according to the hand-written notation. The Circuit Court received Mr. Weddington's next letter, the January 20 Letter, at the latest by January 28, 2016, when it was date-stamped by the Criminal Department. The November 24 Letter was handled by at least one judge and one court clerk, and the January 20 Letter was handled by at least one court clerk. The Circuit Court took no action on either letter until March 14, 2016, when it held a Rule 4-215(e) hearing on the January 20 Letter, after both of Mr. Weddington's trials had concluded. We hold that the Circuit Court had knowledge of Mr. Weddington's requests to discharge his counsel prior to his trial on February 2, 2016, and that the hearing on March 14, 2016 did not remedy the trial court's failure to hold a Rule 4-215(e) hearing prior to his trials.

The State contends that because the January 20 Letter began with reference to "A Great And terrible Injustice" as a result of the accusations against Mr. Weddington, the clerk would not have been compelled "to conclude that the letter was urgent and required the trial judge's immediate attention." In this way, the January 20 Letter was more like the motion in *Northam* because, according to the State's characterization, the defendant "mentioned dissatisfaction with counsel only in passing." As we have explained, however, Mr. Weddington's correspondences provided numerous statements of his dissatisfaction with counsel.

The State also relies on *Northam* for support of its argument that Mr. Weddington waived his request to discharge counsel. The State contends that Mr. Weddington cannot now be granted the "windfall" of a new trial when he was silent in the face of an opportunity

13

to raise his complaint with the Circuit Court before or during his trial. The State points us

to one passage from *Northam* to support its position. In that passage, this Court explained

that "an important element of Maryland law" is the right to have a pending motion ruled

upon:

> [T]his right, as most other rights, carries with it a commensurate responsibility. The motion to be decided must be brought to the attention of the trial court. Appellant may not take advantage of an obscurely situate, undecided motion and stand mute in the face of repeated requests by the judge for all pending motions to be decided . . . . If the question is not of such importance to appellant that he remembers to request an answer, the court cannot be charged with screening previously decided motions to discern an unanswered sentence obscured by a plethora of unrelated issues. Nor can we permit such distended motions to be set as a trap for an unwary judge. Appellant obviously waived his right to a ruling on the motion by repeatedly failing to present the question to [the trial judge].

421 Md. at 206–07, 26 A.3d at 350 (quoting *White v. State*, 23 Md. App. 151, 155–56, 326

A.2d 219, 222 (1974)).

At the outset, we note that we have previously rejected the State's argument—that

a defendant must assert his discharge request in open court in order to trigger Rule 4-215(e).

In *Williams*, this Court emphasized that:

> Nowhere in the Rule does it state that such a request must be oral, as opposed to written, or made in open court. We decline to adopt the State's categorical view that an out-of-open-court, written request filed with the court cannot alone compel an inquiry and disposition by the court.

*Williams*, 425 Md. at 489, 79 A.3d 940.

Significantly, in *Williams*, we also rejected the very interpretation of *Northam* that

the State advances before us in this case. With respect to waiver of Rule 4-215(e), in

*Williams* we explained *Northam's* holding more explicitly:

14

> We did not hold in *Northam* that a request to discharge counsel must be made orally or in open court; nor did we hold that a request sufficient to trigger Rule 4-215(e) may be waived effectively by failure to repeat it or otherwise bring it to the court's attention once filed in writing. We concluded that Northam's written request was insufficient to trigger Rule 4-215(e) because it was vague and obscured by the larger body of the written motion captioned as (and concerned with) a Motion for Change of Venue.

435 Md. at 491–92, 79 A.3d at 941. Here, both parties agree that Mr. Weddington's January 20 Letter did not suffer from the same vagueness or obscurity that was present in the motion in *Northam*. That being the case, we again reject the State's insistence that a defendant has waived his request to discharge counsel, pursuant to Rule 4-215(e), when he fails to bring that request orally or in open court. *See id*.

Finally, the State argues that, assuming the Circuit Court erred when it failed to conduct a Rule 4-215 hearing prior to trial, the Circuit Court's post-trial hearings rendered any error harmless. The State proposes that "this Court has the benefit of knowing the path that a Rule 4-215(e) inquiry would have traveled" because the Circuit Court held two hearings on Mr. Weddington's January 20 Letter. Those hearings, according to the State, "make it abundantly clear that [Mr.] Weddington offered no new (or reasonable) basis to discharge counsel."

In *Lopez v. State*, we stated that the provisions of Rule 2-415 "are mandatory, must be strictly complied with, and are not subject to a harmless error analysis." 420 Md. 18, 31, 20 A.3d 812, 819 (2011). Moreover, the Rule itself forecloses the possibility of remedial compliance. Rule 4-215(e) explicitly provides in pertinent part:

> If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and *advise the defendant that if new counsel does not enter an*

15

*appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel.* If the court finds no meritorious reason for the defendant's request, *the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel.*

(Emphasis added). Because the Rule requires strict compliance, a judge must first determine whether there is any merit to the defendant's request for discharge. If discharge is denied, the judge must also advise the defendant of his option to proceed without counsel as well as the disadvantages of representing himself. A post-trial ruling on defendant's reasons for his request cannot cure a violation of the Rule. We agree with the reasoning of the intermediate appellate court that a post-trial hearing on a request to discharge counsel does not provide a defendant the opportunity to decide whether he wants to discharge counsel and represent himself. That decision was already made for him by the Circuit Court's failure to inquire into his reasons for discharge and failure to advise him of the consequences of proceeding without counsel.

Furthermore, by concluding that such post-trial hearings could cure violations of Rule 4-215(e), we would be encouraging the "wait-and-see approach" that we warned against in *Williams*. There, we explained that "a danger to be guarded against when a defendant chooses a letter format, rather than something stated plainly in open court, is the trial court being sandbagged or the 'mine being salted.'" 435 Md. at 490, 79 A.3d at 940. With that concern in mind, we suggested that a Circuit Court can insure against a defendant's suspected strategic maneuvering with "reasonable diligence on the part of the other *dramatis personae* in criminal litigation, not the least of which could be the Clerk's

16

Office transmitting the court jacket to a judge (with a copy of the letter appended to the front) when a document such as was filed here is received." *Id*. at 490–91, 79 A.3d at 941. Post-trial hearings on violations of Rule 4-215(e) undermine the protections of the Rule. *See Williams v. State*, 321 Md. 266, 274, 582 A.2d 803, 807 (1990) ("We cannot say that Williams would not have elected to waive counsel and proceed *pro se*, nor can we conclude that his request was unmeritorious, because the trial court did not comply with subsection (e). The court's failure to comply with the rule is reversible error.); *see also Mitchell v. State*, 337 Md. 509, 518, 654 A.2d 1309, 1313-1314 (1995) ("Limited remand cannot be used to correct procedural defects at the trial level when the procedure involved is so intertwined with the defendant's constitutional right to counsel that a limited remand would cause unfair prejudice. Failure to conduct the Rule 2-415(d) inquiry at the proper time, therefore, mandates a new trial.").

## CONCLUSION

Mr. Weddington's two letters to the Circuit Court expressed his dissatisfaction with his counsel in a manner that sufficiently triggered Rule 4-215(e). The Circuit Court constructively had knowledge of Mr. Weddington's first letter as early as November 24, 2015, and had knowledge of his second letter at the latest on January 28, 2016. Mr. Weddington did not waive his request to discharge his counsel when he did not repeat his request prior to or during his trials. In accordance with Rule 4-215(e), the Circuit Court committed reversible error when it failed to inquire into the reasons for Mr. Weddington's request in a timely fashion.

17

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT TO BE PAID BY PETITIONER.**

18